BARNES, Presiding Judge,
dissenting.
I respectfully dissent to the majority’s opinion because construing OCGA § 17-10-14 to remove the sentencing court’s discretion to *250 exercise jurisdiction over Eller until he reaches age 21 would render OCGA § 49-4A-9 meaningless. A cardinal rule of statutory construction is that “the courts shall look diligently for the intention of the General Assembly[.]” OCGA § 1-3-1 (a). This court will not construe a statute so as to render any portion of it meaningless. Sikes v. State, 268 Ga. 19, 21 (2) (485 SE2d 206) (1997). “All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language.” (Citations omitted.) J. Kinson Cook, Inc. v. Weaver, 252 Ga. App. 868, 870 (556 SE2d 831) (2001).
OCGA § 17-10-14 (a) provides:
[I]n any case where a person under the age of 17 years is convicted of a felony and sentenced as an adult to life imprisonment or to a certain term of imprisonment, such person shall be committed to the Department of Juvenile Justice to serve such sentence in a detention center of such department until such person is 17 years of age at which time such person shall be transferred to the Department of Corrections to serve the remainder of the sentence. . . .
(Emphasis supplied.) Yet OCGA § 49-4A-9 (e) authorizes the sentencing court to review the case once the child is 17 years of age and determine if the child “should be placed on probation, have his or her sentence reduced, be transferred to the Department of Corrections for the remainder of the original sentence, or be subject to any other determination authorized by law.” Likewise OCGA § 49-4A-9 (b) provides:
Any final order of judgment by the court in the case of any such child shall be subject to such modification from time to time as the court may consider to be for the welfare of such child. No commitment of any child to any institution or other custodial agency shall deprive the court of jurisdiction to change the form of the commitment or transfer the custody of the child to some other institution or agency on such conditions as the court may see fit to impose, the duty being constant upon the court to give to all children subject to its jurisdiction such oversight and control in the premises as will be conducive to the welfare of the child and the best interests of the state[.\
(Emphasis supplied.) Moreover, OCGA § 49-4A-9 (c) provides that the final judgment is subject to modification and that the sentencing *251 court “shall review the case and make such order with respect to the continued confinement or release of the child back to the committing court for further disposition as the court deems proper.” (Emphasis supplied.)
Decided July 15, 2016.
Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorn ey General, Joseph J. Drolet, Senior Assistant Attorney Gen eral, Amy M. Radley, Hye Min Park, Assistant Attorneys General, for appellant.
Weaver Law Firm, Michael L. Weaver, Sr., Jason M. Burruss, for appellee.
The majority proposes that OCGA § 49-4A-9 (e) authorizes the sentencing court to only make determinations “authorized by law” and that remaining in DJJ custody is not authorized by law per the express language in OCGA § 17-10-14 (a) mandating the automatic transfer from DJJ custody upon turning 17 years old. The majority, however, fails to reconcile why any review by the sentencing court would be permitted per OCGA § 49-4A-9 court once a juvenile turned 17 if transfer to the Department of Corrections was an unequivocal operation of law. “We must presume that the Legislature’s failure to include . . . limiting language was a matter of considered choice.” Transp. Ins. Co. v. El Chico Restaurants, 271 Ga. 774, 776 (524 SE2d 486) (1999). This legislation clearly contemplates that a sentencing court might retain jurisdiction over a juvenile until the age of 21. See OCGA § 49-4A-8 (k).
I would affirm the trial court’s order directing that Eller remain in DJJ custody until the age of 21. Accordingly, I dissent from the majority’s opinion.
I am authorized to state that Judge McFadden joins in this dissent.